UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JEFFREY A. AZAD,**

       **Plaintiff,**

v.                                                                       Case No:  6:18-cv-195-Orl-28DCI

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

Jeffery A. Azad (Claimant) appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 13 at 13-15, 18-21, 25. The Commissioner argues that the ALJ committed no legal error and that his decision is supported by substantial evidence and should be affirmed. *Id*. at 15-18, 21-25. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

**I.**     **Procedural History**

This case stems from Claimant's applications for disability insurance benefits and supplement security income. R. 235-42. Claimant alleged a disability onset date of May 25, 2013. R. 237. Claimant's applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ. On July 5, 2017, the ALJ entered a decision denying Claimant's applications for disability benefits. R. 28-41. Claimant requested review of the ALJ's decision and, in support of his request, submitted evidence post-dating the ALJ's decision (R. 10-13). R.

1-3. The Appeals Council found that the new evidence was unlikely to change the administrative outcome and denied Claimant's request for review. *Id.* This appeal followed.

## II. The ALJ's Decision

The ALJ found that Claimant suffered from the following severe impairments: degenerative joint disease of the left hip and knee; degenerative disc disease and osteoarthritis of the lumbar spine; Graves/Hashimoto's disease; Addison's disease; renal cyst; hiatal hernia; diverticulitis; and anxiety disorder. R. 31. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 31-32.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b),[1] with the following specific limitations:

> [The claimant has] the ability to lift/carry up to 20 pounds occasionally and 10 pounds frequently; sit up to six hours; stand up to six hours; and walk up to six hours. He needs a sit or stand option that allows for a change of position at least every 30 minutes which is a brief positional change lasting no more than three minutes at a time where the claimant remains at the workstation during the positional change. He can push/pull as much as he can lift/carry. He is limited to no more than occasional use of foot controls. He can never climb ladders and scaffolds or crawl, but can occasionally climb ramps/stairs and kneel, and frequently balance, stoop, and crouch. He must avoid any environments with unprotected heights and moving mechanical parts, and cannot work in any environment with temperature extremes. The claimant is limited to simple tasks and simple work-related decisions. Interaction with supervisors, coworkers, and the public is limited to no more than occasionally. Time off task can be accommodated by normal breaks.

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

R. 32-33.  In light of this RFC, the ALJ found that Claimant is unable to perform his past relevant work.  R. 39.  However, the ALJ found that Claimant is able to perform other work in the national economy, such as gate attendant, ticket seller, and mail clerk.  R. 39-40.  Thus, the ALJ concluded that Claimant was not disabled between his alleged onset date, May 25, 2013, through the date of the ALJ's decision, July 5, 2017.  R. 40.

**III.   Standard of Review**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   Analysis**

Claimant raises the following assignments of error: 1) the ALJ erred by mechanically applying the age criteria of the Medical Vocational Guidelines (Grids), which are found in 20 C.F.R. part 404, subpart P, appendix 2; and 2) the Appeals Council failed to properly consider

new, non-cumulative, material evidence.  Doc. 13 at 13-15, 18-21.  The undersigned will address each assignment of error in turn.

### A.  Step Five

Claimant notes that he was 13 days shy of turning 55 years old on the date the ALJ issued his decision, which, according to Claimant, presented a borderline age situation that the ALJ was required to address in his decision.  Doc. 13 at 13-14.  Claimant contends that the pain noted in one of his medical records (R. 473) supports the application of an older age category under the Grids, in which case he would fall under a Grid rule (Rule 202.06) that directs a finding of disabled.  Doc. 13 at 13-15.  Claimant argues that the ALJ did not consider the borderline age situation and, instead, applied the wrong legal standard by mechanically applying the age criteria set forth in the Grids by relying on Claimant's chronological age to determine whether he could perform other work in the national economy.  *Id*. at 15.

The Commissioner argues that the ALJ did not mechanically rely on Claimant's chronological age to determine that Claimant was disabled.  *Id*. at 16-17 (citing R. 39-40).  The Commissioner argues that the ALJ appropriately considered the Grids as a framework for his decision and then relied on testimony from a vocational expert (VE) in determining that Claimant could perform other work in the national economy.  *Id*.  Further, the Commissioner argues that even if the ALJ did mechanically rely on Claimant's chronological age in determining that he was not disabled, any resulting error is harmless.  *Id*. at 17-18.  According to the Commissioner, the evidence Claimant points to – a single treatment record noting the presence of pain – is insufficient to establish that Claimant should have been considered an individual of advanced age.  *Id*.  Specifically, because the ALJ already considered that evidence in concluding that Claimant has an RFC to perform a reduced range of light work, the Commissioner contends that the same evidence

cannot be relied upon in determining whether Claimant has additional adversities warranting the use of a higher age category. *Id*.

The Eleventh Circuit summarized the applicable law as follows:

A claimant applying for disability benefits must prove that he is disabled. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). First, the claimant must show that he has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. Second, he must prove that he has a severe impairment or combination of impairments. In step three, if his impairment meets or equals a listed impairment, he is automatically found disabled. If it does not, he must move on to step four, where he must prove that he is unable to perform his past relevant work. Finally, if the claimant cannot perform past relevant work, then the burden shifts to the Commissioner in the fifth step to show that other work is available in significant numbers in the national economy that the claimant is able to perform. *Id*.

In attempting to meet its burden, the Commissioner may rely upon the grids to establish that other work exists in the national economy that the claimant is able to perform. *Patterson v. Bowen*, 799 F.2d 1455, 1458 (11th Cir. 1986). "The grids are based on the claimant's residual functional capacity, age, education and work experience, and in cases where they apply, they direct a conclusion on the issue of whether the claimant is capable of performing substantial gainful activity in the national economy." *Id*. However, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Walker v. Bowen*, 826 F.2d 996, 1002-03 (11th Cir. 1987) (quotation omitted). "When the grids are not controlling, the preferred method of demonstrating job availability is through expert vocational testimony." *Id*. at 1003.

We have explained that the Commissioner "may not apply the grids in a mechanistic fashion on the basis of a claimant's age, in order to establish conclusively a claimant's adaptability to a new work environment." *Id*. at 1002. While the Commissioner may rely upon the claimant's age as evidence of adaptability to a new work environment, the claimant may then proffer "substantial credible evidence that his ability to adapt is less than the level established under the grids for persons his age." *Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984). If the claimant presents such evidence, the Commissioner "cannot rely on the age factor of the grids and must instead establish the claimant's ability to adapt to a new work environment by independent evidence" and, thus, the district court would be required to remand the case to the Commissioner for reconsideration of the issue. *Id*.; *see also Patterson*, 799 F.2d at 1458-59. "If, on the other hand, the claimant

does not make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the [Commissioner]." *Patterson*, 799 F.2d at 1459.

*Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 634 (11th Cir. 2007).[2]

At step five, the ALJ found, among other things, that Claimant was an individual closely approaching advanced age, i.e., between the ages of 50 and 54, 20 C.F.R. §§ 404.1563(d), 416.963(d),[3] but the ALJ was silent as to whether this case involved a borderline age situation. R. 39.[4] The ALJ then explained:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of [several] representative occupations[.]"

---

[2] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] In considering a claimant's age as a vocational factor, the regulations define a "person closely approaching advanced age" as someone who is between the ages of 50 and 54, and a "person of advanced age" as someone 55 years old or older. 20 C.F.R. §§ 404.1563(d), (e), 416.963(d), (e).

[4] The ALJ apparently considered Claimant's age at the time of the alleged onset date, at which time Claimant was 50 years old. R. 39. However, numerous courts have concluded that for purposes of determining age under the Grids, the claimant's age as of the time of the ALJ's decision governs. *Roark v. Comm'r of Soc. Sec.*, Case No. 6:14-cv-84-Orl-37TBS, 2015 WL 1288140, at *7 n.2 (M.D. Fla. Mar. 20, 2015) (citing authority). Considering this authority, the ALJ should have considered Claimant's age at the time of the ALJ's decision. Despite not doing so, Claimant, who was 54 years old at the time of the ALJ's decision, still qualified as an individual closely approaching advanced age. 20 C.F.R. §§ 404.1563(d), 416.963(d). Thus, to the extent the ALJ erred in considering Claimant's age at the time of the alleged onset, the undersigned finds the error is harmless since Claimant still qualified as an individual closely approaching advanced age at the time of the ALJ's decision.

R. 40.[5]  Based on the VE's testimony, the ALJ found that given Claimant's age, education, work experience, and RFC he is capable of making a successful adjustment to other work in the national economy.  *Id*.  Thus, the ALJ concluded that Claimant is not disabled.  *Id*.

First, the ALJ did not mechanically apply the Grids in determining that Claimant could perform other work in the national economy.  Instead, the ALJ correctly determined that while the Grids would ordinarily support a finding of "not disabled" in Claimant's case, the ALJ needed to utilize the VE's testimony to establish whether a significant number of jobs existed for Claimant in the national economy.  The ALJ needed to utilize the VE's testimony because Claimant's ability to perform all or substantially all of the requirements of light work was impeded by additional exertional and nonexertional limitations.  R. 40; 20 C.F.R. §§ 404.1569a(d), 416.969a(d); *Walker*, 826 F.2d at 1002-03.  Claimant does not challenge the ALJ's factual findings concerning his RFC determination or his conclusion that Claimant could not perform a full range of light work.  *See* Doc. 13.  Thus, given the VE's testimony that there existed several jobs in the national economy that a person with Claimant's RFC could perform, substantial evidence supports the ALJ's conclusion that Claimant was not disabled.  "As such, the ALJ's decision was not made in reliance upon the grids and, thus, a determination of whether [Claimant] was a person of advanced age or closely approaching advanced age was not necessary."  *Miller*, 241 F. App'x at 635;[6] *but see McShane v. Comm'r of Soc. Sec.*, Case No. 8:15-cv-677-T-JSS, 2016 WL 836690, at *5-6 (M.D.

---

[5] Specifically, the VE testified that Claimant could work as gate attendant, a ticket seller, and a mail clerk.  R. 40.

[6] Further, as the Eleventh Circuit noted in *Miller*, "[e]ven assuming without deciding that the ALJ's finding that [Claimant] was a person closely approaching advanced age was erroneous, that error was harmless because substantial evidence (e.g., the VE's testimony and [Claimant's] RFC) supported the finding that other jobs were available that [Claimant] could perform."  *Miller*, 241 F. App'x at 635 n.1 (citations omitted).

Fla. Mar. 4, 2016) (addressing argument involving borderline age situation, distinguishing case from *Miller*, and reversing the Commissioner's decision due to the ALJ's failure to discuss Plaintiff's borderline age situation).

Second, even if the ALJ relied exclusively on the Grids in determining whether Claimant was disabled – and the ALJ did not – Claimant still has not demonstrated that the ALJ should have considered him to be a person of advanced age. Claimant was 54 years old at the time of the ALJ's decision. Thus, the ALJ's determination that Claimant was a person closely approaching advanced age was correct. 20 C.F.R. §§ 404.1563(d), 416.963(d). A claimant wishing to establish that his ability to adapt was less than the level established under the Grids for persons his age must proffer "substantial credible evidence" tending to establish that fact. *See Reeves*, 734 F.2d at 525. If the claimant makes such a showing, the Court is required to remand the case to the Commissioner for reconsideration of the proffered evidence. *See Patterson*, 799 F.2d at 1458-59.

Here, in support of Claimant's position that he should be considered a person of advanced age, Claimant points to a single treatment record in which his physician noted the presence of pain in his left knee, left hip, and lumbar spine. Doc. 13 at 14 (citing R. 473). Assuming, without deciding, that evidence of pain could support the application of a higher age category, the undersigned finds that the evidence Claimant relies on is insufficient to show additional adversities warranting the use of a higher age category. The ALJ expressly discussed the treatment record at issue in his decision, noted that the physician observed Claimant exhibit pain in his left knee, left hip and lumbar spine, and considered the same in formulating the Claimant's RFC. R. 34, 36. "[F]actors already relied upon to determine the claimant's RFC are insufficient to show additional adversities creating a lesser ability to adapt." *Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 847 (11th Cir. 2017) (citing *Hutchison v. Bowen*, 787 F.2d 1461, 1465 (11th Cir. 1986)); *see*

*also* HALLEX, I-2-2-42 (2016) (stating that "ALJs must be careful not to double-weigh a factor if the medical-vocational rule for the higher age category already incorporates the factor."), available at https://www.ssa.gov/OP_Home/hallex/I-02/I-2-2-42.html (last visited Dec. 19, 2018).[7] Thus, since the ALJ considered the pain findings at issue in determining that Claimant has an RFC to perform less than a full range of light work, that evidence is insufficient to show Claimant had additional adversities warranting the use of a higher age category. Therefore, even if the ALJ relied exclusively on the Grids in determining whether Claimant was disabled, the ALJ did not err by using Claimant's chronological age in determining that he was not disabled. *See Huigens*, 718 F. App'x at 847 (rejecting claimant's argument that her depression, anxiety, and chronic pain justified use of a higher age category because the ALJ considered those impairments in determining the claimant's RFC).

In summary, the undersigned recommends that the Court reject Claimant's first assignment of error.

### B. Appeals Council

Claimant submitted a medical source statement from his treating physician, Dr. Hana Chaim, to be considered along with his request for review to the Appeals Council. R. 10-13. The Appeals Council found that there was no "reasonable probability that [Dr. Chaim's opinion] would

---

[7] "The Hearings, Appeals and Litigation Law Manual ("HALLEX") is a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members." *Howard v. Astrue*, 505 F. Supp. 2d 1298, 1300 (S.D. Ala. 2007) (citing *Moore v. Apfel,* 216 F.3d 864, 868 (9th Cir. 2000)). The Eleventh Circuit has not decided whether the HALLEX carries the force of law, but its decisions addressing the issue have cast doubt that the HALLEX carries the force of law. *See, e.g.*, *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599-600 (11th Cir. 2016); *see also Tarver v. Astrue*, 2011 WL 206217, at *3 (S.D. Ala. Jan. 21, 2011) ("there is uncertainty-based on a split among the Courts of Appeals, as well as between the District Courts in the Eleventh Circuit-as to whether or not that HALLEX creates judicially-enforceable rights").

change the [administrative] outcome" and denied Claimant's request for review. R. 2. Claimant argues that the Appeals Council applied the wrong legal standard in considering Dr. Chaim's opinion because there is a reasonable probability that Dr. Chaim's opinion would change the administrative outcome. Doc. 13 at 19-21.

The Commissioner argues that the Appeals Council did not err in evaluating Dr. Chaim's opinion because it is neither material nor chronologically relevant. *Id*. at 22-25.

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id*.; *see* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010), it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

The Appeals Council has the discretion to not review the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). If a claimant challenges the Appeals Council's denial, the reviewing

court must determine whether the new evidence renders the denial of benefits erroneous. *Id*. at 785 (citing *Ingram*, 496 F.3d at 1262).

Claimant treated with Dr. Chaim on at least 15 occasions between February 2013 and April 2017. R. 381-84, 449-52, 508-13. Dr. Chaim's physical examinations of Claimant were routinely unremarkable, with the exception of left quadrant tenderness on February 2, 2015, swelling in an unidentified extremity on April 13, 2015, and left knee swelling on July 21, 2015. *Id*. Dr. Chaim assessed Claimant with several impairments over the course of time, including, among other impairments, left knee effusion on one occasion (R. 510), fatigue on two occasions (R. 383, 450) and anxiety on three occasions (R. 382, 452, 508). Dr. Chaim did not offer any opinions concerning Claimant's ability to function prior to the ALJ's decision. *See* R. 381-84, 449-52, 508-13.

Following the ALJ's decision, on August 8, 2017, Dr. Chaim completed a medical source statement. R. 10-13. In it, Dr. Chaim noted that Claimant suffered from, among other things, pain, anxiety, and fatigue. R. 10. Specifically, Dr. Chaim noted that Claimant has left knee and left hip pain caused by prolonged sitting or standing. *Id*. In light of these issues, Dr. Chaim opined that Claimant can sit, stand, or walk for no more than two hours in an eight-hour workday, can sit for no more than 15 minutes at a time before needing to get up, and can stand for no more than 1 hour at a time before needing to sit or walk. R. 10-11. Dr. Chaim also opined that Claimant can frequently lift/carry up to 10 pounds and rarely carry up to 20 pounds. *Id*. at 12. With respect to postural limitations, Dr. Chaim opined that Claimant could occasionally climbs stairs, rarely stoop, and never crouch or climb ladders. *Id*. Finally, Dr. Chaim opined that Claimant's knee pain began in 1981 and his fatigue and anxiety began in 2013. R. 13.

The Appeals Council found that Dr. Chaim's opinion did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." R. 2. Thus, the Appeals Council implicitly found that Dr. Chaim's opinion was new evidence, expressly found that Dr. Chaim's opinion was not material, and, contrary to the Commissioner's argument, implicitly found that Dr. Chaim's opinion was chronologically relevant evidence. *See id.* The Appeals Council was not required to provide a more detailed explanation of why it denied Claimant's request for review. *Mitchell*, 771 F.3d at 784-85.

Claimant argues that Dr. Chaim's opinion is material because it is from a treating physician and is the only opinion evidence from a treating physician. Doc. 13 at 20-21. The undersigned disagrees for several reasons. First, Claimant cites no authority in support of his contention that the Dr. Chaim's opinion is material because it is from a treating physician and is the only opinion from a treating physician in the record. *See id.* Second, the fact that the new evidence is from a treating source and is the only treating source opinion in the record does not, standing alone, necessarily mean that there is a reasonable probability that such evidence will change the administrative outcome, particularly since there is no requirement that the record must contain evidence from a treating source. *See, e.g.*, *Lee v. Astrue*, Case No. 3:08-cv-458-J-HTS, 2009 WL 1393503, at *5 (M.D. Fla. May 18, 2009) ("That the record failed to include an opinion from a treating or examining physician is not enough by itself to render it insufficient to make an RFC finding."). Third, while the undersigned is mindful that treating source opinions must be accorded considerable weight, *Winschel*, 631 F.3d at 1179, there is good cause to support the Appeals Council's determination that there is no reasonable probability that Dr. Chaim's opinion would change the outcome of the administrative proceedings. Specifically, Dr. Chaim provided

conclusory explanations in support of many of the functional limitations.[8] For example, Dr. Chaim opined that Claimant cannot sit or stand for more than two hours in an eight-hour workday due to fatigue and pain in the left knee and left hip. R. 11. This explanation is not only conclusory, but it also relies on impairments that were documented in the medical record that the ALJ considered in reaching his RFC determination. *See, e.g.*, R. 510. Further, Dr. Chaim's opinions are inconsistent with his treatment notes, in which he routinely noted that Claimant's physical examinations were unremarkable, with the only exceptions being single instances of left quadrant tenderness, swelling in an unidentified extremity, and left knee swelling. R. 381-84, 449-52, 508-13. Moreover, Dr. Chaim only assessed Claimant with fatigue on two occasions (R. 383, 450) over the course of nearly four years. R. 383, 450. The largely unremarkable physical examinations and occasional presence of fatigue are not consistent with the severe limitations contained in Dr. Chaim's medical source statement. *See Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1310 (11th Cir. 2018) (finding treating physician opinion submitted to Appeals Council was not material because it was inconsistent with the physician's own records and other medical records from the relevant period). Thus, for these reasons, the undersigned finds that the Appeals Council did not err in determining that Dr. Chaim's opinion was immaterial.

In summary, the undersigned recommends that the Court reject Claimant's second assignment of error.

**V.    Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and

---

[8] There are other portions of the medical source statement that Dr. Chaim did not even provide explanations in support of the functional limitations, such as limitations concerning Claimant's ability to lift/carry. R. 12.

2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 20, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy